388 So.2d 774 (1980)
STATE of Louisiana
v.
Fredwood E. EVANS.
No. 67031.
Supreme Court of Louisiana.
September 3, 1980.
*775 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, P. Michael Cullen, Asst. Dist. Attys., for plaintiff-respondent.
Carl M. Werling, Jr., Michael F. Barry, New Orleans, for defendant-relator.
DENNIS, Justice.
Defendant, Fredwood E. Evans, pleaded guilty to possession of marijuana, La.R.S. 40:967, reserving his right to appeal, following his unsuccessful motion to suppress evidence. He received a six months' suspended jail sentence. His application for a writ of review was granted by this Court.
Two police officers accosted defendant Evans because his clothing and physical characteristics matched those of an armed robber which had been described to them. Only one of the officers testified at the motion to suppress hearing. He stated that, as they approached Evans from the rear and informed him they were deputies, the defendant looked over his shoulder and reached toward his pocket. According to the deputy, after Evans' movement, he held his police service revolver on the defendant while his fellow officer conducted a protective search for weapons. During the search the fellow officer discovered and seized a coin envelope containing $367.00 in currency and a quantity of marijuana. The quantity of marijuana, which is not specified in the record, was the basis of the charge against the defendant and the subject of his motion to suppress.
*776 We find no fault with the trial judge's determination that the officers had reasonable cause to suspect that Evans had committed an armed robbery and that they were entitled to detain him for questioning. Terry v. Ohio, 88 S.Ct. 1868, 392 U.S. 1, 20 L.Ed.2d 889 (1968); State v. Matthews, 366 So.2d 1348 (La.1978). We approve also his finding that the officers reasonably believed Evans was armed and dangerous and were therefore entitled to conduct a limited search of the defendant's outer clothing for a weapon. Terry v. Ohio, supra. We conclude, however, that the prosecution failed to carry its burden of proof, see State v. Franklin, 353 So.2d 1315 (La.1978), to show that the warrantless search of the defendant's garments was limited to that which was necessary for the discovery of weapons which might have been used to harm the police officers. Terry v. Ohio, supra.
The officer who actually conducted the weapon search did not testify at the motion to suppress hearing. The deputy who held the revolver on Evans during the search was the only prosecution witness. He was not certain where his partner found the evidence but "guessed" that it had been obtained from Evans' coat pocket. He testified he did not know whether the envelope was open when it was withdrawn from Evans' possession and did not learn of its contents until sometime after the search. The record is devoid of any suggestion that the officer conducting the search reasonably thought that the envelope was a weapon when he felt it or that he visibly identified it as evidence or contraband before he seized it. Under these circumstances, we conclude that there is no rational evidentiary basis for the trial court's finding that the officer's search was confined in scope to an intrusion reasonably designed to discover a weapon. Consequently, we are compelled to find that the prosecution failed to carry its burden of proving that the warrantless search was limited to that which was necessary for the discovery of weapons.
Accordingly, the defendant's conviction and sentence are reversed. The case is remanded for suppression of the evidence and other proceedings consistent herewith.
REVERSED AND REMANDED.