400 So.2d 614 (1981)
STATE of Louisiana
v.
Kim John CURRY (two cases).
Nos. 80-K-2681, 81-KA-0275.
Supreme Court of Louisiana.
June 22, 1981.
James B. Supple, Franklin, for defendant-relator and for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Walter J. Senette, Jr. and Gregory P. Aucoin, Asst. Dist. Attys., for plaintiff-respondent and for plaintiff-appellee.
PONDER, Justice Ad Hoc.[*]
In 80-KA-0275, Kim John Curry pled guilty to a charge of possession of methamphetamines,[1] *615 subject to his appeal of the refusal of a motion to suppress. He was sentenced to imprisonment at hard labor for a term of eighteen months. In 80-K-2681, Kim John Curry, was found guilty of possession of marijuana[2] after a motion to suppress was denied. His application for writs was granted. The two cases were consolidated.
During the early morning hours of March 26, 1980, three men and a woman robbed and shot a cab driver near Morgan City. A bulletin described one man as wearing blue jeans and a blue jean jacket and a second man as wearing blue jeans and a red checked shirt. There was no description of the third man, except that all suspects were in early twenties. The bulletin specified that the suspects were armed with a small caliber pistol and were dangerous. The bulletin concluded "If located hold and notify SO Franklin." Officers Burke, Burrell and Graffeo of the Franklin Police Department were advised both of the bulletin and of a later bulletin that the cab in which the suspects had made their escape had been found abandoned in Franklin. While on patrol they were further advised that two men meeting the known description were in front of a bank. Burke and Graffeo, riding together, arrived first. A man, whose clothing included a red checked shirt and who was talking to the defendant, told Lt. Burke, when asked, that his friend in a blue jacket was inside the bank. Burke went inside after telling Graffeo and Burrell, who had arrived by that time, to keep an eye on the two men. He apprehended his quarry who had run and brought him back outside. The three men were searched, Curry by Burrell who started just before or just as Burke brought the third man back. When Burrell felt a paper bag in Curry's sweat shirt, he ran his hand into the pocket, took the package and handed it to Burke, who opened it, found a green vegetable substance therein and then formally arrested Curry. Burrell and Burke testified both that they were mindful of the advisory that the men were dangerous and armed with a small caliber weapon and that the paper bag was a such size and form that it could have contained a .22 or .25 caliber pistol.
Even though the police officers contended they did not arrest Curry until after the marijuana was found, we believe that they were referring to the use of the words "I arrest" and not to the restraint on the liberty of Curry. We are convinced that the arrest was made when Burke and Graffeo accosted the man in the red shirt and Curry. We believe that Curry was not at liberty to leave from that time. As a matter of fact, there was testimony that at one point when Curry started to leave, he was told to stay and he obeyed. State v. Robinson, 342 So.2d 183 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976).
We conclude also that the officers had probable cause to arrest. The coincidence of the man with a red checked shirt, the man with a blue jacket, the information of the armed robbery and attempt to murder earlier that day, the information that the cab had been abandoned in Franklin, altogether, we believe, constituted probable cause to arrest the suspects and hold them for the sheriff's office. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Marks supra; State v. Robertson, 358 So.2d 931 (La.1978); State v. Robinson, supra.
The lawful arrest justified the search. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Rawls, 376 So.2d 117 (La.1979). We believe, too, that the State has borne its burden of proof as to the extent of the search. State v. Evans, 388 So.2d 774 (La.1980); State v. Franklin, 353 So.2d 1315 (La.1977). To have failed to examine a bag large enough and of form that could have contained the "small weapon" with which the officers had been advised the dangerous *616 suspects of robbery and attempted murder were armed would have been remiss in the duties of a law enforcement officer and dangerous to them.
This conclusion makes it unnecessary for us to consider the arguments of the legality and extent of the frisk under La.C.Cr.P. Art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Drew, 360 So.2d 500 (1978); State v. Saia, 302 So.2d 869 (La.1974).
The defendant contends that the sentences were excessive and without enumerated reasons.
The sentence for the possession of methamphetamines (80-KA-0275) was the result of plea bargaining culminating in a plea of guilty with the sentence to be given understood and agreed to. Under these circumstances we believe there was no necessity of listing enumerated reasons and that the defendant cannot complain of excessive length. See Dixon, C. J., concurring in State v. Williams, 340 So.2d 1382 (La. 1976); but see State v. Beatty, 391 So.2d 828 (La.1980).
It is true that the trial judge gave no articulated reasons for the maximum sentence in 80-K-2681.[3] This failure to comply with the L.S.A. Art. 894.1 should not result in the necessity of a new trial. Instead we think it appropriate to remand the case for sentencing in accord with Art. 894.1 State v. Dye, 384 So.2d 420 (La.1980).
For these reasons, in Case 80-K-2681 the conviction is affirmed but the sentence is vacated and set aside and the case remanded for resentencing in accordance with Art. 894.1.
In Case Number 80-KA-0275 the conviction and the sentence are affirmed.
NOTES
[*] Judges Lottinger, Edwards and Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] Violation of La.R.S. 40:967C
[2] Violation of La.R.S. 40:966.
[3] It was revealed, however, that defendant had one prior conviction of possession, over ten years ago.