404 So.2d 1215 (1981)
STATE of Louisiana
v.
Frederick Dwain GRAY.
No. 81-KA-0337.
Supreme Court of Louisiana.
September 28, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Ronald R. Inderbitzin, Dale G. Cox, Asst. Dist. Attys., for plaintiff-appellee.
S. P. Davis, Shreveport, for defendant-appellant.
SWIFT, Justice Ad Hoc[*].
Defendant, Frederick Dwain Gray, was indicted for attempted aggravated rape, aggravated rape and simple burglary of an inhabited dwelling in violation of La.R.S. 14:27, 14:42 and 14:62.2, respectively. The indictment states that all three offenses occurred in Caddo Parish on June 30, 1979. Pursuant to a plea bargain agreement the defendant pleaded guilty to attempted aggravated rape and a reduced charge of forcible rape (La.R.S. 14:42.1). The simple burglary count was dismissed. The parties agreed to sentences of twenty years for each offense, to run consecutively, the first with and the other without benefit of parole, probation or suspension of sentence. The trial judge sentenced the defendant in accordance therewith. Gray has appealed, urging two assignments of error.
The record reflects that on June 30, 1979, defendant Gray visited the Haystack Apartment complex in Shreveport at approximately midnight to attend a party. He was unable to find it, so he proceeded to Southfield Apartments, another complex. There he observed a young female leaving a laundry room. At gunpoint the defendant forced her into a nearby field and made her remove her clothing. He attempted to have sexual intercourse with her, but was unable to achieve penetration. Gray then returned to the Haystack apartments where he stole the peepholes from several apartment doors and threw rocks through windows of other apartments in an attempt to get someone to come to the door.
At some point he entered an apartment and stole money from a tenant's wallet. Later, after observing a white male leaving an apartment, he entered it through an unlocked door and with a weapon forced a *1216 woman inside to have sexual relations with him. The entire sequence of events took place between midnight and 6 a. m. that morning.
The defendant was apprehended by the police in an adjoining field shortly after 6 a. m. and later at the police station orally admitted his guilt in the above incidents. However, he denied that he was armed when the rapes took place.
Initially, the defendant pleaded not guilty to all charges and later changed his plea to not guilty and not guilty by reason of insanity. A sanity commission was appointed to determine Gray's mental capacity to proceed and also his capacity at the time of the offenses. After a hearing he was adjudged competent to stand trial. This Court has twice denied an application for writs relating to that issue. 385 So.2d 264 and 782 (La.1980).
Defendant filed a motion to suppress inculpatory statements, urging his incapacity to make them and also that any such statements resulted from coercion. The motion was heard and denied. This Court also denied defendant's applications for writs on that issue and another. 393 So.2d 107 and 394 So.2d 274 (La.1980).
Before accepting his guilty pleas to the crime of attempted aggravated rape and the reduced charge of forcible rape, the trial judge "Boykinized" the defendant and ascertained not only that his pleas were free and voluntary but also that he understood the court would impose the previously negotiated sentences. Defendant now argues that the trial court erred in failing to articulate reasons for sentencing in compliance with Article 894.1 and further that the two consecutive sentences were excessive.
It is settled that excessiveness of sentence poses a question of law reviewable under the appellate jurisdiction of this Court. Also, the trial judge must consider the guidelines for sentencing set forth in La.C.Cr.P. Art. 894.1 and state specific reasons for an apparently severe sentence in relation to the particular offender and the actual offense. However, this court has recently ruled that a defendant's agreement to a recommended sentence in a valid plea bargain and the court's imposition of that sentence relieves the trial judge of his duty to articulate reasons under Art. 894.1 and precludes a defendant from complaining of excessiveness of the sentence before this Court. State v. Curry, 400 So.2d 614 (La. 1981).
In Curry, as in the present case, the sentence was agreed to by all parties involved, including the trial judge, prior to acceptance of the plea and imposition. Nevertheless, as in this instance, it was challenged as excessive and imposed without enumerated reasons. A unanimous court denied such challenges in Curry, stating that "[u]nder these circumstances we believe there was no necessity of listing enumerated reasons and that the defendant cannot complain of excessive length."
The assignments of error therefore lack merit.
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur.
However, I disagree that the defendant is precluded from complaining of excessiveness of sentence before this court. The guarantee against cruel, excessive or unusual punishment is a constitutional safeguard. La.Const.Art. I, § 20. The mere fact that an accused enters a plea bargain does not necessarily establish that his waiver of this constitutional right was knowing or voluntary. Accordingly, in my opinion, a plea bargain cannot operate as an absolute bar to the challenge of a sentence as excessive. Nor does State v. Curry, 400 So.2d 614 (La.1981) stand for this proposition. In that case, this court, with only four of its permanent members sitting, expressed the opinion that under the circumstances therein, there was no necessity of listing enumerated reasons and that the defendant cannot complain of excessive length. I respectfully *1217 disagree with both the dicta of Curry and the present majority's misinterpretation of it. Although I agree that the failure of the trial judge to comply with his duty under La.C.Cr.P. art. 894.1 does not require that the sentence be set aside if the record otherwise clearly illumines his sentencing choice and demonstrates that the sentence is not arbitrary or excessive, State v. Martin, 400 So.2d 1063, on rehearing 400 So.2d 1074 (La.1981), our review for constitutional error cannot be precluded by a defendant's agreement to plead guilty or to receive a particular sentence.
Nevertheless, in the present case, the record clearly illumines the sentencing choice and the sentences do not appear excessive or arbitrary. The plea bargain reduced defendant's sentencing exposure. Consecutive sentences were justified by the dangerous propensities manifested by the offender. The sentences were midway of the statutorily provided ranges.
NOTES
[*] Judges E. L. Guidry, Jr. and G. William Swift, Jr. of the Court of Appeal, Third Circuit and Judge Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson and Harry T. Lemmon.