DENNIS, Justice,
dissenting.
I respectfully dissent.
The guarantee against cruel, excessive, or unusual punishment is a constitutional safeguard. La. Const. Art. I, § 20. The mere fact that an accused enters a plea bargain does not necessarily establish that his waiver of this constitutional right was knowing or voluntary. Accordingly, in my opinion, a plea bargain cannot operate as an absolute bar to the challenge of a sentence as excessive. Nor does State v. Curry, 400 So.2d 614 (La. 1981) stand for this proposition. In that case, this court, with only four of its permanent members sitting, expressed the opinion that under the circumstances therein, there was no necessity of listing enumerated reasons and that the defendant cannot complain of excessive length. I respectfully disagree with both the dicta of Curry and the present majority’s misinterpretation of *929 it. Although I agree that the failure of the trial judge to comply with his duty under La. C.Cr.P. art. 894.1 does not require that the sentence be set aside if the record otherwise clearly illumines his sentencing choice and demonstrates that the sentence is not arbitrary or excessive, State v. Martin, 400 So.2d 1063, on rehearing, 400 So.2d 1074 (La. 1981), our review for constitutional error cannot be precluded by a defendant’s agreement to plead guilty or to receive a particular sentence.