428 So.2d 966 (1983)
STATE of Louisiana
v.
Michael BUCKENBURGER.
No. 82 KA 0823.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Rehearing Denied April 6, 1983.
*968 Peter J. Garcia, Asst. Dist. Atty., Covington, for appellee.
S. Austin McElroy, David J. Knight, Covington, for appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
Defendant, Michael Buckenburger, was charged by grand jury indictment with the crime of committing forcible rape upon and crime against nature on November 1, 1981, in violation of R.S. 14:42.1 and R.S. 14:89. He was also indicted by grand jury of committing forcible rape upon and aggravated crime against nature on November 9, 1981, in violation of R.S. 14:42.1 and R.S. 14:89.1.
Defendant initially entered pleas of not guilty but changed his pleas to guilty of two counts of forcible rape. The counts of crime against nature and aggravated crimes against nature were dismissed by the state.
The court accepted his pleas and sentenced the defendant to serve forty years for each count, to run concurrently, at hard labor under the Department of Corrections, without benefit of parole, probation or suspension of sentence.
In the defendant's first assignment of error, he urges that the trial court erred in accepting his pleas of guilty since it was not knowingly, intelligently and freely made.
Defendant claims that when he entered the guilty pleas, he was upset and nervous. His attorney had informed him that his alibi witness could not be located and that, in all probability, the judge would not grant him a continuance. Defendant claims his attorney also told him that if he went to trial, there was a likelihood that he would receive a life sentence. Defendant argues that all of these factors combined to rob him of his mental capacity and volition to knowingly and intelligently enter guilty pleas.
The state submits that the plea colloquy sufficiently established that the defendant knowingly and intelligently waived his constitutional right as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The state further urges that the information imparted to the defendant by his attorney about the possible outcome of the trial was simply to aid the defendant in making a knowing and intelligent decisionrather than to coerce him into pleading guilty.
Because the pleas of guilty result in the accused's waiver of his fundamental right to a jury trial, to confront his accuser, and of his privilege against self incrimination, due process requires that the pleas must be a voluntary and intelligent relinquishment of these rights. State v. Age, 417 So.2d 1183, on rehearing, (La.1982); State v. Halsell, 403 So.2d 688 (La.1981); State v. Galliano, 396 So.2d 1288 (La.1981).
The court must make an independent determination of whether the defendant's pleas are being knowingly and intelligently made through a colloquy wherein the defendant is questioned about his decision and the aforementioned constitutional rights which he is waiving. State v. McGinnis, 413 So.2d 1307 (La.1981); State v. Williams, 384 So.2d 779 (La.1980). In determining whether the defendant's pleas are knowing and voluntary, the court need not only look to the colloquy concerning the waiver of the rights but may also look at other factors which may have a bearing on its decision. The plea colloquy is but an objective method of determining the defendant's state of mind. A mere recitation of the rights waived does not always insure that an intelligent and voluntary plea is *969 being made. State v. Halsell; State v. Galliano.
In the instant case, the trial court fully explained to the defendant about the waiver of his constitutional rights, and the record reflects that the defendant was aware of the circumstances concerning his pleas of guilty on the two charges to which he pled. There is sufficient evidence to warrant the trial judge's determination that the plea was made knowingly and intelligently, therefore, we find the first assignment of error lacks merit.
In defendant's second assignment of error, he contends that the trial court erred in denying his motion for continuance based on the absence of a vital witness.
Shortly before defendant pled guilty to two counts of forcible rape, he made an oral motion through counsel, that he be granted a continuance because his alibi witness could not be located for trial. The trial court denied the motion. A perusal of the transcript demonstrates that the defendant reserved his right to appellate review of the rejection of this motion. Additionally, it should be clear that defendant reserved the right to appellate review on all of his pre-trial motions.
Defendant contends that he was highly prejudiced by the ruling. The state contends that the defendant did not comply with the requirements of Louisiana Code of Criminal Procedure Articles 707 and 709 which read as follows:
Art. 707.
A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice.
Art. 709.
A motion for continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
We agree with the state that the oral motion for a continuance made by the defendant's attorney was insufficient. A motion for continuance must be in writing and allege specifically the grounds upon which it is based. State v. Robicheaux, 412 So.2d 1313 (La.1982). Additionally an oral motion presents nothing for review on appeal. State v. Western, 355 So.2d 1314 (La. 1978). In a case where the continuance is requested because of the absence of an important witness, the defendant must show the actual necessity of the witness by stating the facts to which he would testify to establish their materiality. State v. White, 389 So.2d 1300 (La.1980).
In the instant case, the defense counsel did not establish the materiality of the absent witness by stating the facts to which the witness would testify if present.
Generally, the granting or refusal of a motion for continuance rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear abuse of discretion. We find no such abuse here. State v. Gaskin, 412 So.2d 1007 (La.1982).
In assignments of error Nos. Three and Four, which can be addressed jointly, the defendant urges that the trial court erred in denying his motion to withdraw his guilty plea and in failing to conduct a hearing on his motion to withdraw his guilty plea.
Article 559 of the Louisiana Code of Criminal Procedure provides that a trial court may permit a plea of guilty to be withdrawn at any time before sentencing. *970 In the instant case, defendant was sentenced immediately after he entered his plea. However, in State v. Galliano, the court held that notwithstanding the language of Article 559, a constitutionally infirm plea may be withdrawn after sentencing.
Generally, the trial court is given great discretion regarding the withdrawal of guilty pleas, but such discretion must not be exercised arbitrarily. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Johnson, 406 So.2d 569 (La.1981); State v. Compton, 367 So.2d 844 (La.1979).
After sentence has been imposed, however, a trial court can properly vacate a guilty plea only when it determines that the facts surrounding the plea render it constitutionally deficient. State v. Smith, 406 So.2d 1314 (La.1981); State v. Banks, 383 So.2d 1009 (La.1980).
Concurrently, when a defendant is entering a guilty plea, the trial court is required to articulate the three rights prescribed by Boykin v. Alabama, which are the right to trial by jury, the right to confront his accusers and the privilege against self incrimination. State v. Cusher, 400 So.2d 601 (La.1981); State v. Galliano. In the instant case, the trial court carefully questioned the defendant about each of these three rights. Indeed, the defendant does not urge to the contrary.
The primary thrust of defendant's argument, which he urges in both assignments of error Nos. 3 and 4, is that the trial court abused its discretion by not having a full hearing on the matter resulting from the motion to withdraw the plea. He cites two examples of cases wherein the trial court was ordered by the Supreme Court to hold an evidentiary hearing, but in both cases, it appears the reason for the hearing was because of a possible breach in the terms of the plea bargain agreement. State v. Delgado, 388 So.2d 384 (La.1980); State v. Baudoin, 334 So.2d 186 (La.1976). Indeed, in State v. Lockwood, 399 So.2d 190 (La.1981), in affirming the trial court's denial of a motion to withdraw a plea allegedly based on the defendant's misunderstanding of the terms of that agreement, the Supreme Court stated that there was no need to continue the sentencing "for an evidentiary hearing because there was no need for such a hearing on the plea-withdrawal". There was not misunderstanding or breach of the plea bargain agreement herein. The sentence given by the trial court was not contrary to that apparently discussed with the defendant.
The defendant also asserts that in Galliano, the court there stated that the defendant's motion to vacate his guilty plea came under the purview of the lower court's habeas corpus power. He then argues that hearings must be held in requests for habeas corpus post conviction relief.
We feel the instant case is distinguishable, however. In Galliano, the defendant had understood that his sentence was to be suspended. He was, therefore, asserting that he was being held illegally, which would decidedly come under the carefully delineated basis for which one may request habeas corpus relief as outlined in the Code of Criminal Procedure. There the court said that, regardless of how the defendant captioned his request, it came within the trial court's habeas corpus power. The defendant in this case had no hope of a suspended sentence and was not being held illegally. The basis of his motion would not come under the lower court's habeas corpus power and therefore the mandated hearing which would accompany a request for habeas corpus post conviction relief would not be required.
We find no merit to defendant's arguments pertaining to assignments of error Nos. Three and Four.
In the defendant's fifth assignment of error, he claims that the trial court erred in failing to inform him of his right to compulsory process.
Under the provisions of Article 1 § 16 of the Louisiana Constitution, an accused is entitled to compel the attendance of witnesses. State v. Latin, 412 So.2d 1357 (La. 1982). Additionally, if the defendant is indigent, *971 the Louisiana Code of Criminal Procedure, under Article 739, provides that the state will pay to have those witnesses subpoenaed.
In the instant case, the court did not deny defendant the right to compulsory process. It was never requested by his attorney. The trial court did not include a statement concerning the right to compulsory process in the Boykinization proceeding. Defendant asserts that because he was unaware of this right he did not assert it. Also, he argues that he did not fully focus and define the rights he was waiving by his guilty plea if he did not have knowledge that he could summon witnesses on his behalf.
However, the right to compulsory process is not one of the rights required to be covered by the trial judge in order to insure that a guilty plea is knowingly and intelligently made. Boykin v. Alabama; State v. Halsell; State v. Galliano.
We, therefore, find assignment of error No. Five lacks merit.
Defendant contends in assignments of error Nos. Six and Seven that the trial court erred in, first, failing to state for the record the considerations the court took in sentencing him and second, that the sentence imposed was excessive.
We note from reviewing the record that the trial judge did not articulate his reasons for the sentence as mandated in Article 894.1 of the Louisiana Code of Criminal Procedure. However, the state contends, and we agree, that such an articulation is not necessary when the defendant has entered into a plea bargain agreement, and further, that the defendant is precluded from challenging the sentence for excessiveness. State v. Bell, 412 So.2d 1335 (La. 1982); State v. Gray, 404 So.2d 1215 (La. 1981); State v. Curry, 400 So.2d 614 (La. 1981)[1]; State v. Hicks, 403 So.2d 676 (La. 1981). Therefore, because the defendant entered into a plea bargain agreement, we find the requirements of Article 894.1 are not mandated. We further find under the authority previously noted, that the defendant is precluded from challenging the excessiveness of his sentence. Accordingly, we find no merit in assignments of errors Nos. Six and Seven.
In the defendant's eighth assignment of error, he urges that he was not provided with effective counsel. He lists eight reasons why he feels he was denied effective counsel. The State argues, and we agree, that this issue is more properly raised by writ of habeas corpus where a full evidentiary hearing may be had than by appeal. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Prestridge, 399 So.2d 564 (La.1981); State v. Fontenot, 368 So.2d 121 (La.1979).[2]
We find that this issue is not properly before us and therefore hold that this assignment of error lacks merit.
*972 Having found no merit in the issues assigned as errors, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] In Curry, the Supreme Court upheld the guilty plea but did remand the case for sentencing in accordance with Article 894.1. However, more recent cases have not remanded for resentencing.

Also, in a recent case, State v. Jett, 419 So.2d 844 (La.1982), the court expressly acknowledged the decision in Gray, and did not overrule that holding; it did state that it "concluded that our review of possible constitutional error is not absolutely precluded by a defendant's agreement to plead guilty or to receive a particular sentence."
It further stated that a lack of compliance with Article 894.1 does not necessarily require that sentences be set aside if the record clearly demonstrates that the sentence was not arbitrary or excessive.
The Boykinization and sentence proceeding transcript makes it abundantly clear that an agreement as to the plea and sentence was reached among the district attorney's office, the defendant and his counsel, and the court. Furthermore, the court actually imposed the sentence agreed upon.
[2] Note, however, that in State v. Ratcliff, 416 So.2d 528 (La.1982), the Supreme Court indicated that when an allegation of ineffective counsel was raised and explored in detail in the trial court, the Supreme Court would address the issue on appeal in the interest of judicial economy rather than requiring the filing of a writ of habeas corpus. The record in Ratcliff contained the evidence necessary to decide this issue. The record in the present case does not since this issue was not explored in detail below.