430 So.2d 801 (1983)
STATE of Louisiana
v.
Wilbert SMITH.
No. 82-KA-230.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*802 John M. Mamoulides, Arthur Lentini, William C. Credo, III, Louise Korns, Dist. Atty., Gretna, for plaintiffs-appellees.
Joseph L. Montgomery, Indigent Defender Board, Gretna, for defendant-appellant.
Before BOUTALL, KLIEBERT and BOWES, JJ.
KLIEBERT, Judge.
The defendant, Wilbert Smith, was charged by bill of information with simple burglary of an inhabited dwelling in violation of La.R.S. 14:62.2. The burglary was alleged to have occurred on April 17, 1982, at 1021 Starrett Road in Jefferson Parish. The statute provides for a penalty of one to twelve years at hard labor. Following plea bargaining negotiations, the defendant, on August 17, 1982, pled guilty to the charge and was immediately sentenced by the trial judge to a term of five years imprisonment at hard labor. Subsequently, the defendant brought this appeal.
Only one assignment of error is urged. The defendant contends the trial court erred in failing to articulate the reasons for sentences in compliance with Code of Criminal Procedure Article 894.1 C and that the sentence violates his constitutional rights against cruel, excessive or unusual punishment, prohibited by Article 1, Section 20 of the 1974 Constitution.
The state supreme court, in State v. Bell, 412 So.2d 1335 (La.1982); State v. Gray, 404 So.2d 1215 (La.1981) and State v. Curry, 400 So.2d 614 (La.1981), held that the trial judge is relieved of his statutory duty to articulate reasons for sentences, where, as here, the specific sentence has been agreed to as a consequence of plea bargaining. Nevertheless, the defendant here argues that since the ruling in State v. Jett, 419 So.2d 844 (La.1982), an accused may on appeal challenge a sentence imposed by plea bargaining as excessive. We do not agree that the Jett case, supra, changed the previous well settled law.
Further, we note that in the instant case although the trial judge did not, as required by Article 894.1 C, articulate with particularly his reasons for imposing the five year sentence, he did note an extensive criminal record of the accused which dated back to 1973, his numerous arrests, and his personal belief that a light sentence would deprecate the seriousness of the crime charge. Furthermore, we note that the appellant not only bargained for the five year sentence, but, in addition, the sentence is less than one-half of the sentence which could be imposed under the statute. A sentence is excessive only if it is disproportionate to the severity of the crime or is nothing more than needless and purposeless infliction of pain and suffering. State v. Conn and Howard, 420 So.2d 1123 (La. 1982); State v. Daranda, 398 So.2d 1053 (La.1981); State v. Russell, 397 So.2d 1319 (La.1981).
Therefore, under the circumstances involved here, we cannot say that a five year sentence for a residential burglar with a previous criminal record is cruel, excessive, *803 or unusual or that the trial judge abused his discretion in imposing same.
Accordingly, the sentence of the trial court is affirmed.
AFFIRMED.