ALFORD, Judge.
Defendant, Andrew Edwards, was charged by bill of information with aggravated burglary in violation of LSA-R.S. 14:60. He entered a plea of guilty and, after a hearing, was sentenced to ten (10) years at hard labor with credit for time served. Defendant has now appealed, alleging as his sole assignment of error that the sentence imposed on him is excessive.
On December 1, 1980, defendant burglarized the Baton Rouge home of Lori Henslee, taking among other items, silver coins, silverware and a .22 caliber revolver. The latter item is the basis of the aggravated burglary charge against defendant, in that no one was present in the house at the time of the burglary. When someone was heard returning to the house, defendant and his aeeomplice(s) fled. Defendant was arrested approximately two months later at the scene of another burglary. Defendant was seventeen years old at the time he committed the burglary giving rise to the instant conviction.
Even though defendant entered a plea of guilty, a review of his sentence for excessiveness is appropriate in the instant case. State v. Sims, 410 So.2d 1082 (La. 1982). The instant case is clearly distinguishable from that line of cases precluding review of sentences for excessiveness. There is no indication in the record that there was a sentencing agreement among all the parties in the instant case, such as existed in those cases in which the defendants were precluded from challenging the excessiveness of their sentences. State v. *320 Bell, 412 So.2d 1325 (La.1982); State v. Gray, 404 So.2d 1215 (La.1981); State v. Curry, 400 So.2d 614 (La.1981); State v. Burkenburger, 428 So.2d 966 (La.App. 1st Cir.1983). Additionally, in State v. Jett, 419 So.2d 844 (La.1982), the Louisiana Supreme Court indicated that review of a sentence for excessiveness was not absolutely precluded by a defendant’s agreement to plead guilty or receive a particular sentence.
A majority of the Louisiana Supreme Court has held that La. Const, of 1974, art. I, § 20 authorizes appellate review of individual criminal sentences to ex-cessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge’s discretion in imposing sentence is great and a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Washington, 414 So.2d 313 (La. 1982). Yet even a sentence falling within the applicable statutory limits may constitute excessive punishment. State v. Reed, 409 So.2d 266 (La.1982). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. State v. Reed, 409 So.2d at 267; State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Reed, 409 So.2d at 267.
The sentencing criteria in LSA-C.Cr.P. art. 894.1 provide the appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
Sepulvado, 367 So.2d at 769. LSA-C.Cr.P. art. 894.1 states three general conditions under which a court should impose a prison sentence, namely: undue risk that the defendant will commit another crime; the defendant is in need of correctional services provided by the institution; or a lesser sentence will deprecate the seriousness of the crime. The statute lists another eleven factors which are not controlling, but which must be considered in the court’s determination of the severity of the sentence. The third part of the statute requires the trial judge to state for the record the considerations taken into account and the factual basis therefor when imposing sentence.
The general type of factors which should be considered by a trial judge before the imposition of a sentence on a particular offender include his personal history, his prior criminal history, the seriousness of the crime, the circumstances of the offense, the likelihood that defendant will commit another crime, and his potential for rehabilitation. State v. Trahan, 412 So.2d 1294 (La. 1982); State v. Jackson, 360 So.2d 842 (La. 1978).
In imposing sentence upon defendant, the trial judge expressed a belief that there was a risk that he would commit other crimes if not incarcerated. The trial judge felt that the circumstances which led defendant to commit this offense, including the fact that he is a tenth grade dropout with a poor work history, might lead him to commit other crimes. He also indicated that defendant’s attitude caused him to believe that he might commit other crimes. In further support of this conclusion, the trial judge noted that even though defendant was picked up for theft several times as a juvenile, warned and counseled, he nevertheless persisted in his same course of criminal conduct. In this respect, it is significant that in addition to the instant offense which occurred in December, 1980, defendant was also arrested for another burglary which occurred shortly thereafter in January of 1981. Accordingly, the trial judge felt that defendant was in need of a custodial atmosphere to alter his conduct. Moreover, he felt that a lesser sentence would deprecate the seriousness of defendant’s crime.
In accordance with LSA-C.Cr.P. art. 894.-1, the trial judge also considered those circumstances mitigating in defendant’s be *321 half. In particular, he took into consideration defendant’s youth and the fact that this conviction was his first felony conviction.
We find that there has been adequate compliance with LSA-C.Cr.P. art. 894.1. Further defendant’s sentence is well within the lower range of sentences which could have been imposed (not less than 1 nor more than 30 years) and we find that it is not excessive. Accordingly, this assignment of error is without merit and we affirm the trial court’s sentence.
AFFIRMED.