MARVIN, Judge.
In two consolidated appeals, this defendant, who was 17 years old when he committed armed robberies of four persons for which he was initially charged in three bills of information, complains that his concurrent sentences of 20 years, after a plea bargain, are constitutionally excessive because of his age and status as a first offender. LSA Const. Art. 1, § 20. We affirm.
FACTS
Defendant was born September 13, 1963. While masked and armed with a pistol, he robbed a cashier at a Shreveport Pizza Hut on October 1,1980. In a similar manner on October 7, 1980, he robbed the cashier at a meat market. On October 13, 1980, with other principals, and in a similar manner, he robbed the cashier and a customer at a 7 — 11 store, during the course of which the cashier was shot. All robberies involved threatening words and conduct and occurred during business hours.
On May 3, 1982, defendant agreed to plead guilty to the armed robberies of the cashier at the meat market and of the cashier and customer at the 7-11 store, in return for which the state agreed that the armed robbery charge at the Pizza Hut would be “dropped”, and that the sentences which might be imposed would not total more than 25 years.
After a pre-sentence investigation report was submitted and at a hearing some five months later, defendant was sentenced on each count to serve concurrent sentences of 20 years at hard labor and without parole, probation, or suspension of sentence, as LRS 14:64 provides. At the hearing, defendant’s counsel “ask[ed] the Court to impose a sentence of 15 years ... on these counts ... to run ... concurrently.”
The trial court imposed sentences which were less than the 25 year ceiling agreed to and articulated the factors on which the sentences were based, although articulation *448 was not required. CCrP 894.1, State v. Gray, 404 So.2d 1215 (La.1981). We agree that the trial court could have sentenced the defendant to any lawful sentence less than 25 years, but observe that defendant has not shown that the trial court abused its discretion under the plea bargain or under the law. State v. Daranda, 398 So.2d 1053 (La.1981). Defendant’s crimes have more earmarks of habitual criminal activity than the armed robbery of a person of a gold medallion and chain who was on the street at 3:00 a.m. See and compare State v. Robicheaux, 412 So.2d 1313, 1320 (La.1982). Under these circumstances, defendant cannot complain that his sentence is excessive. Gray, supra; State v. Curry, 400 So.2d 614 (La.1981).
AFFIRMED.