438 So.2d 636 (1983)
STATE of Louisiana, Appellee,
v.
James M. BELL, Appellant.
No. 15 331-KAJ.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Wayne J. Blanchard, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Robert W. Gillespie, Jr., Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, MARVIN and SEXTON, JJ.
HALL, Judge.
The defendant, James Millard Bell, was charged by a bill of information with the armed robbery of an employee of a Gulf Majik Mart located in Shreveport, Louisiana. Initially the defendant pled not guilty to the charge, but later entered a plea of guilty in exchange for an assurance by the judge that his sentence would not exceed 10 years at hard labor. After reviewing the presentence investigation report, the trial court sentenced the defendant to 10 years at hard labor. The defendant appeals this sentence, urging that the trial court erred in imposing an excessive sentence. We affirm.
*637 This defendant, 16 or 17 years old at the time of the offense, armed with a loaded gun, entered and robbed a convenience store, pushing the attendant to the ground and leaving with the cash register drawer. A police officer saw the defendant running down a street with the cash drawer and, after pursuit, approached the defendant. The money and the pistol were recovered.
Before pleading guilty to this offense, the defendant was informed by the trial court that his sentence would be limited to 10 years at hard labor. Further, the trial court informed the defendant that in the event the sentence actually imposed was objectionable to the defendant or his lawyer the court would allow him to withdraw his guilty plea.
At the sentencing, the trial court stated that although the defendant was very young and had no prior felony convictions, due to the seriousness of the crime and the dangerous situation created by the defendant the court would sentence him to 10 years at hard labor.
It is well settled that the trial judge is given wide discretion in the imposition of sentences and the sentence imposed by him should not be set aside in the absence of abuse of that discretion. State v. Jones, 381 So.2d 416 (La.1980); State v. Sepulvado, 367 So.2d 762 (La.1979). In this case the sentence is not apparently severe, the trial court's sentencing choice is supported by the record, and there was no abuse of discretion. See State v. Prados, 404 So.2d 925 (La.1981) and State v. Square, 433 So.2d 104 (La.1983).
The defendant was exposed under LSA-R.S. 14:64 to penalty provisions ranging from five to 99 years. The sentence imposed is within the lower range of the permissible penalty. The mitigating factors of his age and lack of prior record were noted by the court. The seriousness of the crime and danger posed by the situation were also noted. Further, the trial court reviewed a presentence investigation that indicated the defendant had had problems with school attendance and with juvenile authorities in the past. The record supports the trial court's determination and its sentence will not be disturbed.
An issue raised by the state on appeal, is whether a defendant who agrees to a range of sentence under a plea bargain can urge on appeal that the sentence is excessive. See and compare State v. Edwards, 434 So.2d 395 (La., 1983); State v. Jett, 419 So.2d 844 (La.1982); State v. Bell, 412 So.2d 1335 (La.1982); State v. Washington, 406 So.2d 191 (La.1981); State v. Gray, 404 So.2d 1215 (La.1981); State v. Bateman, 404 So.2d 927 (La.1981); State v. Hicks, 403 So.2d 676 (La.1981); State v. Curry, 400 So.2d 614 (La.1981); State v. Wilson, 438 So.2d 635 (La.App. 2d Cir.1983); State v. Benton, 432 So.2d 334 (La.App. 1st Cir. 1983); State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983); State v. Owens, 426 So.2d 367 (La.App. 2d Cir.1983). It is unnecessary to decide this issue in light of our conclusion that the sentence is otherwise entirely justified by the record.
Finding no merit in the defendant's contention that the trial court erred in imposing an excessive sentence, we affirm the conviction and sentence.
Affirmed.