438 So.2d 635 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Fletcher WILSON, Defendant-Appellant.
No. 15248-KA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Stephen A. Glassell, Shreveport, for defendant-appellant.
Dale G. Cox, Asst. Dist. Atty., Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and SEXTON, JJ.
MARVIN, Judge.
After being indicted for second degree murder, defendant bargained to plead guilty to manslaughter when the court agreed that the sentence to be imposed would not exceed 10 years. He now appeals the 10-year sentence as constitutionally excessive.
The sentence was pronounced after a sentence hearing at which it was shown that defendant had been involved in another incident involving dangerous weapons while free on bail following his guilty plea. Defendant did not have a prior felony arrest or conviction and was honorably discharged from military service. At the hearing, defendant acknowledged that he understood that the trial court had authority to sentence him to 10 years and made no objection to the sentence. Defendant bargained to plead guilty notwithstanding his continued assertion that he was acting in self defense when he repeatedly stabbed his girlfriend. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), authorizes the acceptance of such a plea.
The sentence is not excessive. Compare State v. Romero, 369 So.2d 1342 (La.1979), *636 14 years; State v. McMahon, 391 So.2d 1120 (La.1980), 15 years; State v. Stegall, 377 So.2d 103 (La.1979), 20 years; and State v. Allen, 416 So.2d 553 (La.1982) 12 years. It is supported by the record and by the trial court's articulation of the sentencing factors of CCrP Art. 894.1.
Even if defendant, by protesting his innocence, did not "agree" to 10 years, he received no greater punishment than was contemplated under the plea bargain. Compare situations where a defendant, by "agreeing" in a plea bargain to a range of sentence, may be precluded from complaining of excessiveness of a sentence within that range. State v. Hicks, 403 So.2d 676 (La.1981); State v. Curry, 400 So.2d 614 (La.1981).
AFFIRMED.