DUFRESNE, Judge.
Joseph Wilson was charged by Bill of Indictment with violation of La.R.S. 14:30 (first degree murder) which allegedly occurred on September 17,1978. On March 7, 1979, a jury found the defendant guilty of first degree murder and recommended a sentence of life imprisonment be imposed. This conviction was overturned by the Supreme Court in a matter entitled State v. Wilson, 404 So.2d 968 (La.1981).
The second trial was commenced on July 21,1982. During the trial, pursuant to plea negotiations with the state, Wilson withdrew his former plea of not guilty and entered a plea of guilty to manslaughter. The state advised Wilson that he would be billed as a second offender pursuant to La. R.S. 15:529.1, because of a prior conviction for illegal use of a weapon (La.R.S. 14:94). The trial judge informed the defendant of the basis for the multiple offender bill and of his Boykin rights for the manslaughter plea. The defendant acknowledged the pri- or conviction. As per the plea bargain agreement at that time the trial judge imposed a sentence of twenty-one (21) years, vacated that sentence and as a result of the defendant’s multiple offender status, imposed a sentence of thirty-seven (37) years at hard labor with credit for time served *358 from September 17, 1978 to the date of transfer.
A motion for appeal was filed pro-se. The defendant was then appointed appellate counsel.
ASSIGNMENT OF ERROR
The trial court committed reversible error in sentencing the defendant to a term of thirty-seven years at hard labor, which sentence is excessive.
The defense maintains that the sentence imposed on the defendant violated his constitutional right to be free from cruel and unusual punishment. The thirty-seven years imposed on the defendant is excessive in that the trial court failed to follow the dictates of La.C.Cr.P. Art. 894.1. The defense contends that as the trial court made no attempt to state the basis and considerations taken into account in imposing sentence on the defendant, this sentence should be modified.
The record reflects that the defendant had been tried and convicted of the charge of first degree murder, however, this was overturned by the Supreme Court. During the second trial, the defendant changed his plea of not guilty and on July 21, 1982, entered into a plea bargain with the state which was approved by the trial court. The plea bargain was comprised of the defendant’s plea of guilty to manslaughter in exchange for a sentence of twenty-one (21) years. This sentence was then to be vacated as the state intended to file a Bill of Information charging the defendant as a multiple offender under R.S. 15:529.1. The defendant acknowledged the correctness of the bill and was sentenced to a term of thirty-seven (87) years at hard labor with credit for time served.
At all the stages of this proceeding, the defendant was made fully aware of the consequences of his plea and signed his Acknowledgment of Constitutional Rights and Waiver of rights on entry of a plea of guilty. Attached to this document was a handwritten codicil stating that the total sentence would be thirty-seven (37) years. Although this attachment was neither signed nor initialed, the defendant was fully apprised in open court that his sentencing range under the multiple billing procedure would be a minimum of twenty-eight (28) and a maximum of forty-two (42) years, but that his sentence would be thirty-seven (37) years.
State v. Curry, 400 So.2d 614, 616 (La.1981) held that as the sentence imposed was the result of an understood and agreed to plea bargain, “there was no necessity of listing enumerated reasons and [we believe] that the defendant cannot complain of excessive length, [citations omitted].”
This approach has been more recently upheld in State v. Edwards, 434 So.2d 395 (La.1983) which held that “[i]n several recent cases, we have held that a defendant who accepts a sentence under a plea bargain may not later assert that the sentence is excessive or that the trial judge failed to comply adequately with the sentencing guidelines of La.C.Cr.P. Art. 894.1 in imposing sentence, [citations omitted].”
Although this reasoning was discarded by the First Circuit in State v. Edwards, 432 So.2d 318 (La.App. 1st Cir., 1983), a common sense approach to the issue would reveal that the underlying basis for plea bargaining is to arrive at a just conclusion and sentence within the realm of judicial economy. Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978) held that “[p]lea bargaining flows from ‘the mutuality of advantage’ to defendants and prosecutors, each with his reasons for wanting to avoid trial, [citation omitted].”
The defendant had been fully advised of his rights and his plea of guilty was knowingly and voluntarily made as per the dictates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record reflects that the trial court determined that the defendant had sufficient mental capacity to make a decision of such magnitude. The court then delineated the possible sentencing choices available to him in the circumstances. The defendant’s various constitutional rights which would be waived as a result of his plea of guilty were *359 then individually outlined by the court. Finally, the court was satisfied that the plea was voluntary in nature.
As there is a certain give and take in any bargaining arrangement, the defendant agreed to the sentence of thirty-seven (37) years. It is not so excessive in view of the possible penalties associated with a conviction for the crime charged (first degree murder) that it would appear on its face to be cruel and unusual punishment, bearing no relation to either the crime or the offender.
The sentence as imposed by the trial court was a result of plea bargaining and this fact must be considered in any determination, whether a sentence is excessive or not.
Under the circumstances of this case, the trial judge did not abuse his discretion in sentencing defendant thirty-seven (37) years at hard labor. Hence, we do not find defendant’s sentence excessive.
For the reasons assigned, defendant’s sentence is affirmed.
AFFIRMED.