449 So.2d 688 (1984)
STATE of Louisiana
v.
Timothy COATS.
STATE of Louisiana
v.
Carlo DE SALVO.
Nos. 83-KA-689, 83-KA-801.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1984.
John M. Mamoulides, Dist. Atty., James Maxwell, Asst. Dist. Atty., William C. Credo, III, Asst. Dist. Atty., 24th Judicial District, Parish of Jefferson, Gretna, for plaintiffs-appellees.
Ralph L. Barnett, Gretna, for defendant-appellant Timothy Coats.
Paul R. Pasquier, Gretna, Joseph L. Montgomery, 24th Judicial District Indigent Defender Board, Gretna, for defendant-appellant Carlo DeSalvo.
Before BOUTALL, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
Defendants, Timothy Coats and Carlo DeSalvo, were charged by bill of information with two counts each of simple burglary of a building belonging to the Jefferson Parish School Board, in violation of LSA-R.S. 14:62. The defendants were arraigned and pled guilty to both charges.
As a result of a plea bargain, each defendant withdrew his guilty plea and each plead guilty to one count of simple burglary in return for a dismissal of the other count. The only condition of the plea was that a pre-sentence investigation be conducted. Neither agreement contained a stipulation as to the sentence to be imposed. After pre-sentence reports were ordered and received, the trial court sentenced defendant DeSalvo to sixty-one (61) months at hard labor, with credit for time served, and sentenced Coats to thirty-six (36) months at hard labor, with credit for time served. *689 Each appealed. Their appeals were consolidated for review by this court.
Coats raises the following assignments of error: (1) The trial court failed to sentence the defendant in accordance with the sentencing guidelines set out in LSA-C. Cr.P. Article 894.1, and (2) The trial court committed reversible error in imposing an excessive sentence.
DeSalvo's only assignment of error also refers to his claim that the trial judge failed to properly delineate his reasons in imposing sentence and that the sentence imposed on him was excessive.
Thus, the essence of the assignments of error in both instances is the trial judge's failure to comply with the guidelines of LSA-C.Cr.P. Article 894.1 and the excessiveness of the sentences.
From the pre-sentence hearing on DeSalvo, the following circumstances are shown:
On September 15, 1982, the John Ehret Senior High School, located in Marrero, Louisiana, was burglarized and athletic equipment, office supplies and various other items, with a total value of $370.00, were stolen. This formed the basis for count one of the indictment to which DeSalvo pled guilty and the State dismissed count two of the indictment against him. None of the stolen items were recovered.
On November 18, 1982, the same school building was burglarized again and the school was extensively vandalized. Approximately $5,000.00 worth of property, including two IBM typewriters, two copy machines, four calculators, a camera and laminating machine, two portable heaters, a check and Master Charge credit card belonging to the principal, and other miscellaneous items were stolen. This was the basis for count two of the indictment to which Coats pled guilty. The State dismissed count one of the indictment (the September 15, 1982 break-in) against him. Ultimately, most of the stolen items were recovered. The school officials estimated the actual loss at about $2,500.00.
When DeSalvo's sister and her boyfriend attempted to use the stolen credit card, they were arrested by the police. They informed the police that they had received the card from someone named "Timmy" and further named the defendants as the perpetrators of a burglary at the John Ehret High School during which time the credit card was stolen.
On December 6, 1982, defendant DeSalvo turned himself in and voluntarily told the police he and Coats has perpetrated both burglaries. DeSalvo assisted police officers in recovering some of the stolen items, most of which was either damaged or broken beyond repair. Approximately $600.00 was illegally charged on the principal's credit card. Coats destroyed some of the stolen property when he learned the police were looking for it.
Recent jurisprudence regarding the appeal of sentences imposed as a result of plea bargain arrangements distinguished between those cases in which the sentence to be imposed is included in the plea bargain and those in which the sentence is imposed without the prior agreement and understanding of the defendant. If the sentence was made a part of the plea arrangement, the Supreme Court had generally disallowed a later appeal for excessiveness or failure to follow the guidelines of LSA-C.Cr.P. Article 894.1.
State v. Bell, 412 So.2d 1335 (La.1982) held that "where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by Article 894.1, State v. Curry, 400 So.2d 614 (La.1981)." See also State v. Gray, 404 So.2d 1215 (La.1981); State v. Smith, 430 So.2d 801 (5th Cir. 1983); and State v. Buckenburger, 428 So.2d 966 (1st Cir.1983).
In State v. Curry, supra, the Supreme Court decided that since the sentence had been understood and agreed to as part of the plea bargain, there was no need for the trial court to give reasons for the sentence. Further, when the sentence is bargained for, the defendant cannot later complain the sentence is excessive. Relying on *690 State v. Sims, 410 So.2d 1082 (La.1982) and State v. Jett, 419 So.2d 844 (La.1982), the First Circuit in State v. Edwards, 432 So.2d 318 (1st Cir.1983) considered a review of the defendant's sentence for excessiveness appropriate although he pled guilty to aggravated burglary because the plea bargain did not include a bargain for the sentence. Therefore, considering the issue of excessiveness is appropriate in this case.
LSA-R.S. 14:62 provides, in pertinent part, that "[w]hoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both." Thus, the defendants' sentence of sixty-one (61) months and thirty-six (36) months respectively were within the statutory limits, however, it may be reviewed to determine whether the sentence is excessive under the circumstances of the crime and the particular defendant. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Sepulvado, 367 So.2d 762 (La. 1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, supra; State v. Kersey, 406 So.2d 555 (La.1981). The trial judge is given a wide discretion in the imposition of sentences within statutory limits and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982); State v. Sepulvado, supra. We have reviewed the sentence imposed on each defendant in light of the foregoing principles.
SENTENCE OF CARLO DeSALVO
The trial judge read into the record a portion of the pre-sentence report made by the Division of Probation and Parole on DeSalvo. The portion read into the record did not include the recommendations of the Division. It did not point out that in his statement to the police, DeSalvo admitted to having committed five other burglaries during 1980, at which time he was a juvenile. Although the trial judge did not articulate every mitigating and aggravating circumstance outlined in LSA-C.Cr.P. Article 894.1, he did acknowledge and put into the record the circumstances of the burglaries, the assistance provided by DeSalvo to the police in recovering most of the stolen items and the personal and social background of DeSalvo reflected by the pre-sentence investigation report.
In comments made by him prior to sentencing DeSalvo, the trial judge stated that DeSalvo was a menace to society and had chosen to intentionally disrupt the Jefferson Parish School system by committing the burglaries in question.
Absent the plea bargain, the defendant would have been exposed to a far greater penalty. While not controlling, a plea bargain should be considered as a factor in determining whether the sentence imposed is excessive. State v. Smack, 425 So.2d 737 (La.1983).
Our function is not to sentence DeSalvo, but rather to review the sentence for abuse of the trial judge's wide discretion. Although the trial court did not make an extensive comment on his reasons for sentencing the defendant DeSalvo to sixty-one (61) months at hard labor, we are unable to conclude that the sentence imposed on DeSalvo was a manifest abuse of the wide discretion allowed to the trial judge in sentencing. In reaching this conclusion, we are not unmindful of DeSalvo's age and social history and the assistance he provided to the police after his arrest.
Accordingly, the sentence of DeSalvo is affirmed.
SENTENCE OF TIMOTHY COATS
In sentencing Coats, the court referred to DeSalvo and suggested that the sentence was harsh because he destroyed some of the stolen equipment just immediately prior to his arrest, but not as harsh as that imposed on DeSalvo because his record was not extensive, thus indicating he believed Coats also had a prior juvenile record.
The pre-sentence report on Coats is not in the record. Coats' counsel, however, points to several mitigating circumstances. *691 He submits that Coats' record is not as extensive as DeSalvo because this conviction is Coats' first offense and his commission of the offense was totally out of character and not in keeping with his normal life style.
Although the circumstances of the crime are part of the record, the only personal information concerning Coats which can be determined from the record is that he is nineteen years of age. Whether the guidelines of LSA-C.Cr.P. Article 894.1(B) relative to probation or suspension of sentence would be appropriate as regards to Coats is not determinable from the record.
Notwithstanding the apparent mitigating circumstances, the trial judge did not offer an adequate explanation or justification for the sentence imposed on Coats. The factors guiding the decision of the trial judge are necessary for this court to adequately review a sentence to determine whether the sentence was tailored to the defendant's background and his potential for rehabilitation and restitution and/or whether there has been a violation of the defendant's constitutional right against an excessive sentence.
From the facts stated in the arguments, but not made part of the record, the sentence may be excessive. Additionally, the sentence has not been particularized as to Coats. The mitigating circumstances which have been pointed out, if correct, would indicate he is a fit subject for rehabilitation and restitution. When the reasons for an apparently severe sentence in relation to the particular defendant and the crime committed do not appear in the record, the case may be remanded to the trial judge for resentencing. State v. Jackson, 360 So.2d 842 (La.1978); State v. Pike, 426 So.2d 1329 (La.1983).
Accordingly, the sentence of Timothy Coats is vacated and the case remanded to the trial court for resentencing in compliance with LSA-C.Cr.P. Article 894.1 and the views herein expressed.
AFFIRMED IN PART: REMANDED IN PART.