STOKER, Judge.
Defendant, Clarion Bay, was charged by Bill of Information with six counts of the crime of self-mutilation by a prisoner in violation of LSA-R.S. 14:404. The defendant initially pleaded not guilty to the charges, but subsequently entered into a plea bargain arrangement wherein he pleaded guilty to counts three and four with the remaining counts being dismissed. The defendant was sentenced by the trial judge to serve two consecutive two-year sentences at hard labor with the Department of Corrections. The defendant has appealed his sentence and assigns as error the trial judge’s failure to comply with the *746 sentencing guidelines of Louisiana Code of Criminal Procedure, Article 894.1 and the excessiveness of his sentence.
FACTS
The defendant, while incarcerated in the Sabine Parish jail on a charge of first degree murder, allegedly caused injury to himself on several different occasions between July 10, 1985 and November 15, 1985. In the Bill of Information, the defendant was charged with attempting to hang himself with a sheet, sticking his finger in a light socket, cutting his wrist and arm with a blunt metal instrument on three occasions, and sticking a radio antenna in his side. On March 6, 1986 the defendant withdrew his pleas of not guilty to the charges and entered pleas of guilty to two separate counts in conjunction with a plea bargain agreement. The defendant admitted at the hearing to having cut his own arm on July 10,1985 and to sticking a radio antenna in his side on July 24, 1985. When asked by the trial judge whether any particular sentence had been promised, the defendant said that he had been told that he would get four years. His attorney at that point informed the trial judge that he had advised the defendant that his maximum potential sentence would be four years. The defendant said that he had not been promised a lesser sentence. The trial judge then accepted the guilty pleas and ordered a presentence investigation and report at defendant’s request.
DEFENDANT’S ASSIGNMENTS OF ERROR
Because our review of excessiveness of sentence and compliance with LSA-C.Cr.P. art. 894.1 are so interrelated, we will deal with the defendant’s assignments of error together. Defendant assigns as error the trial judge’s failure to properly apply the sentencing guidelines set forth in LSA-C. Cr.P. art. 894.1, failure to state for the record the consideration taken into account and the factual basis for imposing this particular sentence, and that the sentence is excessive.
After the sentences were imposed during the sentencing hearing, the trial judge stated that:
“The Court in arriving at these sentences took into consideration that Defendant had been previously convicted of other felonies, and is of the opinion that a lesser sentence than the ones imposed would deprecate the seriousness of the offenses. The Court has considered individually each of the eleven sub-parts of Paragraph B of Article 894.1 of the Louisiana Code of Criminal Procedure, with the view of determining whether any of these factors were mitigating in reducing the sentence in the instant case and find that none of them are applicable, so therefore the Court at this time would file this in the record.”
The defendant’s presentence investigation report was considered by the trial judge and made a part of the record. An appellate court will examine the reasons set forth by the sentencing court to determine whether there has been a manifest abuse of discretion which would warrant a setting aside of the sentence. While every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. art. 894.1 need not be articulated, the record must reflect that these were adequately considered in particularizing the sentence to the defendant. State v. Rivers, 470 So.2d 351 (La.App. 5th Cir.1985).
Although the trial judge did not articulate any reasons for the sentences imposed other than those above, the defendant’s presentence investigation report was made a part of the record. The inclusion of the presentence investigation report, which serves to amplify the articulated reasons of the trial judge, provides to the reviewing court facts which allow it to make an independent determination of whether a sentence is excessive. State v. Rivers, supra, and State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984).
Our examination of the defendant’s pre-sentence investigation report discloses that he has a juvenile criminal record and an extensive adult criminal record beginning in 1968. Defendant has numerous arrests *747 for felony offenses and had been convicted and sentenced for both aggravated arson and aggravated battery prior to this offense. Additionally, the report indicates that defendant’s prison records reflect six instances of self-mutilation between 1970 and 1971. He was incarcerated at the time of this offense awaiting trial on a first degree murder charge. The defendant was released from the Louisiana State Penitentiary in 1981. He has been continuously in trouble with the law since that time.
While the defendant did receive the maximum sentence of two years for violation of LSA-R.S. 14:404 on both counts, he was exposed to a maximum of 12 years on all six counts with which he was charged. It is apparent from the record that defendant knowingly and willingly accepted the plea bargain offered and understood that his sentencing exposure was reduced thereby from 12 years to four years. “While not controlling, a plea bargain should be considered as a factor in determining whether the sentence imposed is excessive. State v. Smack, 425 So.2d 737 (La.1983).” State v. Coats, 449 So.2d 688, 690 (La.App. 5th Cir. 1984).
Sentences are not to be set aside as excessive absent manifest abuse of discretion by the trial court. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Shields, 444 So.2d 287 (La.App. 1st Cir. 1983), writ denied, 446 So.2d 312 (La.1984).
It is our opinion that the sentences imposed are not excessive or an abuse of discretion in light of defendant’s past criminal history and the benefit which he derived from the plea bargain agreement.
Accordingly, the defendant’s sentence is affirmed.
AFFIRMED.