403 So.2d 676 (1981)
STATE of Louisiana
v.
Robert D. HICKS.
No. 80-KA-2822.
Supreme Court of Louisiana.
September 8, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, *677 Dist. Atty., W. C. Douglas Friederichsen, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert Garrity, New Orleans and Joseph Montgomery, Metairie, of Indigent Defender Board, Robert E. Lee, for defendant-appellant.
ELLIS, Justice Ad Hoc.[*]
Defendant Robert D. Hicks was charged by indictment with the crime of aggravated rape. The indictment was subsequently amended by the district attorney to include a second count, that of aggravated crime against nature. The case went to trial before a jury on both counts. After the State had rested its case and the defense had presented one witness, the defendant entered into a plea bargain with the State by virtue of which he withdrew his plea of not guilty to Count No. 2, aggravated crime against nature, and the State dismissed Count No. 1, aggravated rape.
It is clear from the record that the defendant, who was at all times represented by competent counsel, was examined by the trial judge in accordance with the standards and guidelines required by State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); that he fully understood his rights; that he knowingly and intelligently waived those rights; and that his plea of guilty was freely and voluntarily made, with full knowledge of its consequences. He was specifically advised that as a part of the plea bargain he would be sentenced to serve 15 years in the State Penitentiary, which were to run concurrently with a life sentence imposed by another division of the district court.
After sentence was imposed, defendant was granted an out of time appeal by this court, in which two assignments of error are urged. First, defendant complains of the failure of the trial judge to give reasons for imposing the maximum sentence, as required by Article 894.1 of the Code of Criminal Procedure. Second, it is argued that the sentence imposed was excessive in violation of the Louisiana and United States Constitutions.
In the case of State v. Curry, 400 So.2d 614 (La.1981), we said:
"The sentence for the possession of methamphetamines (81-KA-0275) was the result of plea bargaining culminating in a plea of guilty with the sentence to be given understood and agreed to. Under these circumstances we believe there was no necessity of listing enumerated reasons and that the defendant cannot complain of excessive length."
The same circumstances pertain in this case, and we find the specifications of error to be without merit.
The conviction and sentence are therefore affirmed.
DENNIS, J., concurs. On the record in this case the sentence is not arbitrary or excessive.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
Since there should be few absolutes in the laws governing human beings, I hesitate to impose an absolute prohibition on attacks on sentences negotiated as part of a plea bargain. I prefer to regard the fact of a negotiated plea as an extremely significant (and perhaps overwhelming) factor to be considered in weighing the totality of circumstances when the sentence is attacked. Thus, if the record supports the sentence, for example, by showing (as the record in this case does) that the accused significantly reduced his total sentencing liability by agreeing to a negotiated sentence, then the attack should be rejected. See State v. Day, 391 So.2d 1147 (La.1980). Since a totally silent record and an apparently severe sentence might present problems, the *678 preferable procedure is to have the record reflect the entire plea bargain agreement.
As to the necessity for compliance with C.Cr.P. Art. 894.1 when a sentence has been negotiated as part of a plea bargain, the trial judge may find the statute useful in performing his function of determining whether to approve a plea bargain agreement containing a negotiated sentence. See State v. Beatty, 391 So.2d 828 (La.1980). At the very least the trial judge, in sentencing under these circumstances, should state for the record that he is imposing a sentence which was agreed upon as part of a plea bargain and should state the entirety of the agreement for the record, as noted above. This simple procedure should forestall almost any attack on the sentence.
NOTES
[*] Judges Ellis, Lottinger, and Ponder of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Dennis, Watson, and Lemmon.