426 So.2d 367 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
David Dwayne OWENS, Defendant-Appellant.
No. 15130-KA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Piper & Brown, Inc. by Robert E. Piper, Jr., Shreveport, for defendant-appellant.
Charles W. Kelly, Asst. Dist. Atty., Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
PER CURIAM.
After being indicted for aggravated rape and negotiating for a range of sentence under a plea bargain to plead to forcible rape, the defendant appeals his sentence to seven years confinement at hard labor (four without benefit of probation, parole or suspension of sentence) as being excessive. LSA-Const. Art. 1, § 20. Defendant also complains that the trial court did not follow CCrP 894.1 guidelines. We affirm.
Defendant and his attorney acknowledged that defendant got "a deal as recommended by the DA's office [and] the range [of sentence] the Court had [in mind]", which in defendant's own words was "two to seven years" for forcible rape, knowing that he might be facing "life imprisonment on the charge [of aggravated rape]." The penalty for forcible rape is confinement at hard labor for not less than two nor more than forty years, with at least two years to be served without benefit of parole, probation or suspension of sentence. LRS 14:42.1. Defense counsel called it a "marvelous deal" and said that defendant made "an informed judgment" and "was fully aware of the consequences of going to trial [on the charge of aggravated rape]."
Under these circumstances, defendant cannot complain that the sentence within the range of his agreement is excessive. State v. Curry, 400 So.2d 614 (La.1981). The supreme court has indicated that the CCrP 894.1 sentencing guidelines need not be rigidly followed in such plea bargains and that it is not necessary to list the enumerated reasons for sentence as in non-negotiated cases. See and compare Curry, supra, and State v. Beatty, 391 So.2d 828 (La.1980); State v. Gray, 404 So.2d 1215 (La.1981); State v. Bell, 412 So.2d 1335 (La.1982).
AFFIRMED.