CUTRER, Judge.
On February 14, 1983, the defendant pleaded guilty to one charge of felony theft, in violation of LSA-R.S. 14:67. This plea was the result of a plea bargain. The defendant was sentenced to two years at hard labor in the custody of the Louisiana Department of Corrections. The sentence was to run concurrently with any other sentences to be imposed against the defendant.
FACTS
On Monday, June 14, 1982, the defendant opened a savings account with the Bunkie Bank and Trust Company in Bunkie, Louisiana. He identified himself with a picture identification (Louisiana Drivers License) as Robert H. Robertson and deposited $25.00 into his new account. Two days later (June 16th) the defendant returned to Bunkie Bank and deposited a check in the amount of $4,500.00, drawn on St. Landry Bank and Trust, into the same savings account. The defendant, also identifying himself to be Robert H. Robertson to the St. Landry bank, had a balance of $10.00 in the account upon which he drew. The Bunkie Bank credited the savings account of Robert H. Robertson with the $4,500.00 deposit. On Friday, June 18th, the defendant returned to the Bunkie bank and withdrew $3,000.00 in cash.
Soon after this withdrawal, the Bunkie bank was notified by the St. Landry bank that the $4,500.00 check drawn on them was insufficiently covered and would not be honored.[1] On Monday, June 21st, the defendant returned to the Bunkie bank and requested an additional $1,400.00 withdrawal. The teller, alerted to the previous actions of the defendant, attempted to notify her supervisor, but the defendant became suspicious and fled the bank, leaving his passbook in the hands of the teller.
*1315 The defendant was subsequently arrested and charged with felony theft, in violation of LSA-R.S. 14:67.
On February 14,1983, the defendant and his counsel were present for a hearing on a motion to quash. The motion was withdrawn and, pursuant to plea bargain negotiations between the defendant, his counsel and the district attorney, the defendant withdrew his plea of not guilty and entered a plea of guilty. Before accepting this plea, the court fully advised the defendant of all his rights and privileges under the law. Questions ascertaining the voluntariness of defendant’s plea were asked by the court and answered by the defendant. The court ruled that there was a factual basis for the plea of guilty, that it was freely and voluntarily given and that the defendant understood the nature of the charge against him. The plea of guilty was then accepted.
The sentence imposed, two years in the custody of the Louisiana Department of Corrections, to run concurrently with any sentence or sentences presently pending against the defendant, was part of the plea bargain agreement and was accepted by the trial court. It is from this guilty plea, and the resulting sentence, that the defendant has brought two assignments of error upon this appeal.
(1) The trial court handed down an excessive sentence of two years in the Louisiana Department of Corrections; and
(2) The defendant was not fully cognizant of the effects of his guilty plea.
ASSIGNMENT OF ERROR NUMBER 1
Defendant alleges that his two year sentence for the crime of felony theft was excessive. The maximum sentence, under LSA-R.S. 14:67, is a ten year term of imprisonment at hard labor in addition to a $3,000.00 fine.
The record clearly reflects that the sentence imposed was the result of a plea bargain agreement between defendant (and his counsel) and the district attorney’s office. The judge accepted the recommended sentence of two years, which was well below the maximum.
The Supreme Court has held that:
“[w]here a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive.”
State v. Bell, 412 So.2d 1335 (La.1982). See also, State v. Hicks, 403 So.2d 676 (La.1981); State v. Curry, 400 So.2d 614 (La.1981). This assignment has no merit.
ASSIGNMENT OF ERROR NUMBER 2
This assignment raises the issue of the voluntariness of the defendant’s guilty plea. However, no argument in support of this issue has been provided and it is, therefore, abandoned upon appeal. State v. Washington, 430 So.2d 641 (La.1983).[2]
For these reasons, the defendant’s conviction and sentence is affirmed.
AFFIRMED.

. The record indicates that the defendant was engaged in at least one other check-kiting attempt at a separate institute.

. We, nevertheless, note that, the defendant was properly informed of the “rights” he was waiving by pleading guilty. And the record reflects that defendant voluntarily waived same, manifested an understanding of the proceedings and entered the plea with full knowledge that the sentence would be two years with the custody of the Department of Corrections.