DOUCET, Judge.
Defendant, William Barkie Brown was charged with forcible rape, committed on October-16, 1982. Pursuant to a plea bargain, the defendant pleaded guilty to attempted simple rape on March 7, 1983 and, following a pre-sentence investigation, was sentenced to 12½ years imprisonment. He now appeals, alleging the trial court failed to comply with the sentencing guidelines set forth in LSA-C.CR.P. art. 894.1 and further argues that the sentence imposed is excessive.
In the early morning hours on October 16, 1982, the defendant went to the apartment of Amber Meshell in Sabine Parish whereupon there was a conversation between defendant and the victim. Subsequently the defendant forced her to have sexual relations with him, beating and threatening her. The defendant, however, claimed he did not have sexual relations with her and was in fact incapable of performing any sexual act due to intoxication. The aforesaid plea bargain followed.
In imposing sentence the trial judge made the following observations:
*829 “The Court is mindful that this Defendant is a first felony offender.
The Court is of the opinion that it is not necessary to review the sentencing guide-' lines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure because this was a plea bargain, and the Defendant was made aware of the sentence he could expect.
However, separate and apart from that fact, the Court, after reviewing the sentencing guidelines, finds that all three of the provision of Paragraph A of Article 894.1 are applicable, namely:
(1) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime. Defendant is 21 years old. Yet he has a juvenile record, he is a high school drop out from age 17, has, at best, a sparse work record, has no known dependents, no known resources, and his mother provides him with a place to live. He drinks alcoholic beverages to an extent unknown by this Court, and allegedly had been drinking when this crime occurred.
(2) He is certainly in need of a custodial environment, and correctional treatment.
(3) The offense of attempted simple rape is one of violence of an extreme nature. A lesser sentence than the one imposed would, in the opinion of this Court, deprecate the seriousness of the offense.
The Court has reviewed, in detail, the grounds to be accorded weight in its determination of suspension of sentence or probation and finds none of them applicable.”
Appellant contends the above recitation constitutes inadequate compliance with LSA.C.CR.P. art. 894.1 and the sentence received is excessive. However, prior to the plea bargain, defendant was exposed to a possible sentence of forty (40) years.
As stated by Justice Lemon, concurring in State v. Hicks, 403 So.2d 676 (La.1981): “ * * * If the record supports the sentence, for example by showing (as the record in this case does) that the accused significantly reduced his total sentencing liability by agreeing to a negotiated sentence, then the attack should be rejected.”
In finding that there was no reversible error resulting from the trial judge’s failure to strictly comply with the mandate of Art. 894.1 and further finding that the sentence was not excessive, the majority opinion in Hicks noted:
It is clear from the record that the defendant, who was at all times represented by competent counsel, was examined by the trial judge in accordance with the standards and guidelines required by State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); that he fully understood his rights; that he knowingly and intelligently waived those rights; and that his plea of guilty was freely and voluntarily made, with full knowledge of its consequences. He was specifically advised that as a part of the plea bargain he would be sentenced to serve 15 years in the State Penitentiary, which were to run concurrently with a life sentence imposed by another division of the district court.
After sentence was imposed, defendant was granted an out of time appeal by this court, in which two assignments of error are urged. First, defendant complains of the failure of the trial judge to give reasons for imposing the maximum sentence, as required by Article 894.1 of the Code of Criminal Procedure. Second, it is argued that the sentence imposed was excessive in violation of the Louisiana and United States Constitutions.
In the case of State v. Curry, 400 So.2d 614 (La.1981), we said:
“The sentence for the possession of methamphetamines (81-KA-0275) was the result of plea bargaining culminating in a plea of guilty with the sentence to be given understood and agreed to. Under these circumstances we believe there was no necessity of listing enumerated reasons and that the defendant cannot complain of excessive length.”
*830 The present case is indistinguishable from Hicks. Accordingly the defendant’s sentence is affirmed.
AFFIRMED.