471 So.2d 837 (1985)
STATE of Louisiana, Appellee,
v.
Ferris RICE, Jr., Appellant.
No. 16964-KA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
*838 Jones & Jones by Benjamin Jones, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, James D. Caldwell, Dist. Atty., Tallulah, George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellee.
Before MARVIN, FRED W. JONES, Jr., and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Ferris Rice, Jr., was charged and pled guilty to the offense of Distribution of Marijuana in violation of LSA-R.S. 40:966 A(1). After accepting the defendant's guilty plea, the trial court immediately sentenced the defendant to serve 18 months at hard labor.
After being sentenced and placed in custody, the defendant filed a pro se motion to vacate sentence, contending that no presentence investigation report was obtained prior to sentence and he was, therefore, denied the right to an individualized sentence, as well as a record upon which he could base an appeal of an excessive or illegal sentence.
A hearing on the motion to vacate sentence was held in the trial court. At the *839 hearing, the defendant was present, as was his original attorney, Mr. Captan J. Wyly, who appeared with defendant at the time he entered his guilty plea. Mr. Wyly stated that the guilty plea resulted from a plea bargain with the defendant prior to the entry of the plea. He further stated that the defendant agreed to enter the plea of guilty based upon the plea bargain agreement. The clear implication from the record is that the defendant was aware that he would receive a sentence of 18 months at hard labor in exchange for his plea of guilty. This has not been disputed by the defendant, either at the hearing, or in brief before this court.
At the conclusion of the hearing, the trial judge refused to vacate the sentence or set aside the plea of guilty. The defendant appealed alleging the following assignments of error:
1. The court erred in accepting the defendant's guilty plea without first examining him personally and securing an affirmative waiver from him of each of his constitutional rights, as required by law.
2. The trial court erred in maintaining and acting on a policy of sending first-time drug offenders to prison without regard for the individual circumstances of each case.
3. The court erred in sentencing defendant to 18 months in prison without first securing a presentence report on the basis of which the court could have fashioned an individualized sentence.
4. The court erred in failing to comply with the sentencing guidelines established by law.
5. The court erred in refusing to vacate the prison sentence on motion of defendant.

ASSIGNMENTS OF ERROR NOS. 1 & 5
By these assignments, the defendant contends that his guilty plea is constitutionally invalid and that the trial court erred in immediately sentencing the defendant after the guilty plea. The defendant additionally contends that the trial court erred in failing to vacate the plea upon defendant's motion to set aside the plea and sentence.
In order to assure that the defendant's guilty plea is intelligently and voluntarily made, the defendant must be made aware of three constitutional rights that are automatically waived when the choice is made to forego trial. In order to accept the plea, as a minimum the trial court must obtain an express and knowing waiver of at least these three constitutional rights: the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State Ex Rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Browning, 454 So.2d 1241 (La.App. 2d Cir.1984).
The defendant does not allege that his plea was not voluntary and intelligent, but only that the record does not affirmatively establish an express and knowing waiver of the three constitutional rights which attach at trial.
The record in the present case reflects that at the time the defendant entered his plea of guilty he was advised of his constitutional rights. The record further reflects that the defendant clearly stated that he understood each of these rights and that he was entering his plea freely, voluntarily and knowingly. We find the trial court's explanation of the rights to the defendant to be sufficient and find no merit to the defendant's contention that the trial court's explanation of these rights and the defendant's subsequent waiver was insufficient.
The defendant has further contended that the trial court erred in immediately imposing sentence after the plea of guilty. However, delays for sentencing do not apply to pleas of guilty. LSA-C.Cr.P. Art. 873 specifically provides that if a defendant pleads guilty the sentence may be imposed immediately.
These assignments of error are without merit.

*840 ASSIGNMENT OF ERROR NO. 2
By this assignment the defendant contends that the trial court erred in maintaining a policy of sending first time drug offenders to prison without regard for the individual circumstances of each case.
The defendant's contention arises from a statement made by the trial court at the defendant's hearing to vacate the guilty plea and sentence. At the hearing, the trial court stated
... I was so impressed with the usual sentence that I even wrote three years on your sentence, although I had said eighteen months. That's because others in a similar offense had been getting three years.
Sentences should be individualized. In this case it is apparent that the trial court did consider the defendant's status as a young person and first offender and imposed a sentence which had been submitted as a plea bargain (as discussed hereafter). Therefore, any sentencing policy which the court may have did not effect the defendant.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court erred in not ordering a presentence report.
A presentence investigation may be ordered by the court, but is not a right of the accused and is not mandatory. LSA-C. Cr.P. Art. 875. State v. Bell, 377 So.2d 275 (La.1979); State v. Keleman, 444 So.2d 1328 (La.App. 2d Cir.1984).
In the present case the defendant did not request a presentence investigation prior to sentencing. Since a presentence investigation is not mandatory and was not timely requested, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment, the defendant contends that the trial court erred in failing to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1.
After the defendant entered his plea of guilty, the trial court immediately sentenced him to serve 18 months at hard labor. At that time no reasons were given for the sentence. However, at the hearing on defendant's motion to vacate the plea and sentence it was revealed that when the defendant pled guilty an agreement had been reached by the parties whereby a sentence of 18 months at hard labor had been recommended to the judge and based upon that recommendation and plea agreement the trial judge imposed the sentence.
The State contends that there is no necessity for the trial court to follow the sentencing guidelines when the court is complying with the plea bargain entered into between the State and the defendant. The State relies upon the cases of State v. Hicks, 403 So.2d 676 (La.1981) and State v. Curry, 400 So.2d 614 (La.1981) which held that when the sentence is the result of plea bargaining culminating in a plea of guilty with the sentence to be given understood and agreed to there was no necessity to articulate reasons for sentence under Art. 894.1.
The trial court is required to comply with the sentencing guidelines of LSA-C. Cr.P. Art. 894.1 except in two situations, i.e., specific, mandatory sentences required by law (such as the penalty for second degree murder, LSA-R.S. 14:30.1), State v. Parker, 416 So.2d 545 (La.1982), and a sentence based upon a plea bargain. State v. Hicks, supra; State v. Curry, supra.
At the hearing on defendant's motion to vacate the plea and sentence the trial court stated that the plea bargain was discussed and after it was discussed the court condescended to go down to 18 months because of the defendant's age and status as a first felony offender. There are no allegations that the defendant was not a participant in the plea bargain.
Although the record in this case should have been developed more fully by the trial judge, nevertheless, in light of the plea *841 bargain and the imposition of sentence by the trial court in accordance with that plea bargain, we find no grounds to set aside the sentence.
Certainly it would be better practice for the trial judge to fully set forth the terms of the plea bargain on the record in order to avoid any possible misunderstanding and post conviction attack on the sentence, as was recognized by Justice Lemmon in his concurring opinion in State v. Hicks, supra. In many cases this will be required in order to show that the plea was freely and voluntarily entered with a full understanding of its consequences.
However, on the record as presented here, there is no dispute about the plea agreement and although the court did not indicate at sentencing that the sentence was imposed pursuant to a plea bargain, the subsequent hearing on defendant's motion reflects that the sentence was agreed to by the State, defense, and the court prior to the plea. Therefore, compliance with LSA-C.Cr.P. Art. 894.1 was not required.
This assignment of error is without merit.

DECREE
The defendant's conviction and sentence is affirmed.