LINDSAY, Judge.
The defendant, Johnny Ray Green, was charged by bill of indictment with aggravated rape in violation of LSA-R.S. 14:42 and aggravated crime against nature in violation of LSA-R.S. 14:89.1. Pursuant to plea negotiations, the defendant pled guilty to the lesser offense of forcible rape, a violation of LSA-R.S. 14:42.1, and the aggravated crime against nature charge was dismissed. The defendant, waiving any delays for sentencing, was ordered by the trial court to serve 40 years at hard labor, with two years to be served without the benefit of probation, parole or suspension of sentence.
The defendant subsequently filed a pro se writ application with this court seeking an out of time appeal. This court remanded the defendant’s application to the trial court for a determination of whether the defendant was entitled to such an appeal. (State v. Green, No. 17,248-KH, March 29, 1985)
The trial court granted the defendant’s application. The defendant now on appeal urges as error the trial court’s failure to follow the sentencing guidelines of LSA-C. Cr.P. Art. 894.1 and the imposition of an excessive sentence. We affirm.
In his plea colloquy with the trial court, the defendant agreed that the following facts formed the basis for his plea of guilty to forcible rape. In the early morning hours of October 16, 1983, the defendant and another black male grabbed a 15 year old white female and dragged her under the East Texas Street Bridge in Bossier City. The victim was then raped and forced to perform oral sex on one of the two men. The victim later identified the defendant in a police lineup as one of her assailants.
In the plea colloquy, the trial court specifically noted the state’s agreement to dismiss the charge of aggravated crime against nature and to allow the defendant to plead to the lesser offense of forcible rape. The trial court also explained to the defendant that if it did accept the defendant’s guilty plea, the court would impose the maximum sentence for forcible rape, 40 years at hard labor, at least two years of which would be without the benefit of probation, parole or suspension of sentence, based on the state’s recommendation and the negotiations between the state and the defense. After ascertaining that the defendant understood the consequences of his plea, and finding that it was made freely and voluntarily, the trial court accepted the defendant’s guilty plea and imposed the agreed upon sentence.
The record of the sentencing reveals the trial court did not thoroughly review the guidelines set forth in LSA-C.Cr.P. Art. 894.1, although the court did note that any lesser sentence than that to be imposed *885 would have deprecated the seriousness of the offense.
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. fully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied 435 So.2d 438 (La.1983). However, this court in the recent opinion of State v. Rice, 471 So.2d 837 (La.App.2d Cir.1985), writ denied, 475 So.2d 1104 (La.1985), found that compliance with the guidelines of LSA-C.Cr.P. Art. 894.1 was not required when the trial court imposed a sentence that had been agreed upon by the parties as a result of plea bargaining. Citing State v. Curry, 400 So.2d 614 (La.1981) and State v. Hicks, 403 So.2d 676 (La.1981), it was noted that:
The trial court is required to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 except in two situations; i.e., specific, mandatory sentences required by law (such as the penalty for second degree murder, LSA-R.S. 14:30.1), State v. Parker, 416 So.2d 545 (La.1982), and a sentence based upon a plea bargain. State v. Hicks, supra; State v. Curry, supra.
471 So.2d 840.
Plea negotiations in the instant case resulted in an agreement by the parties that the maximum sentence for forcible rape would be imposed. This sentence was recommended to the trial court, which agreed to it. The trial court specifically referred to this sentence in its plea colloquy with the defendant and noted the defendant’s desire that his guilty plea be accepted even in light of the stated consequence of that plea. Therefore, the defendant’s contention that the trial court erred in failing to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 is meritless.
The defendant’s argument that an excessive sentence was imposed in this case is equally void of any merit. In situations where plea bargains have been reached by the parties and the sentences imposed by the trial court are in accordance with that bargaining, this court has previously affirmed those sentences on the grounds that a defendant cannot complain of the exces-siveness of a sentence, the length of which has been agreed upon. State v. Owens, 426 So.2d 367 (La.App.2d Cir.1983); State v. Green, 449 So.2d 1164 (La.App.2d Cir.1984). These cases, and the decision of the Louisiana Supreme Court in State v. Gray, 404 So.2d 1215 (La.1981), follow the reasoning set forth in Curry, supra. In Curry, where the sentence was the result of plea bargaining culminating in a plea of guilty with the sentence to be given understood and agreed to, the court stated that “Under these circumstances we believe there was no necessity of listing enumerated reasons and that the defendant cannot complain of excessive length.” (citations omitted) 400 So.2d at 616. Cf. State v. Jett, 419 So.2d 844 (La.1982); State v. Edwards, 434 So.2d 395 (La.1983).
It is apparent from the circumstances of this case that this defendant cannot complain of the excessiveness of his sentence. A plea agreement was reached whereby the defendant understood that if he pled guilty to the offense of forcible rape he would receive a sentence of 40 years at hard labor, two years of which would be without the benefit of probation, parole or suspension of sentence. With this guilty plea, the state agreed to drop the second charge against the defendant. This significantly reduced the defendant’s exposure to possible imprisonment. As originally charged, the defendant would have faced a maximum sentence of life imprisonment at hard labor for aggravated rape and 15 years at hard labor for aggravated crime against nature, both sentences without the benefit of probation, parole or suspension of sentence.
The maximum sentence imposed in this case is not excessive. Considering the circumstances surrounding the offense, it is evident that the defendant received a very favorable plea bargain agreement. The defendant admitted in a statement to the police that he and another man grabbed the 15 year old girl and then tried to find a *886 place where they could rape her. He stated that they pushed her down on a pile of lumber under the East Texas Street Bridge, and although she was screaming loudly, they proceeded to rape her and force her to perform oral sex. Accordingly, for the foregoing reasons, the defendant’s sentence is affirmed.
AFFIRMED.