LINDSAY, Judge,
dissenting.
The defendant was originally charged with five counts of burglary of an inhabited dwelling, R.S. 14:62.2. The maximum possible penalty for the crimes was 60 years at hard labor. The defendant negotiated for a range of sentence and a plea bargain was proposed whereby the defendant was to plead guilty to two counts of simple burglary, with the maximum sentence exposure to be two concurrent five year terms. This plea bargain was apparently discussed with the trial judge by defense counsel and the assistant district attorney. The plea bargain was agreed to by the judge.
When the defendant appeared before the court to plead guilty, defense counsel stated that the defendant was agreeable to accepting the five year concurrent terms bargained for, but the lawyer requested that the sentence be set at less than that, specifically, at three years. No plea for probation was made. The transcript reveals that at that point in the proceedings an off the record discussion took place between the court, defense counsel and the district attorney, and the trial judge then agreed to impose concurrent four year sentences. This was apparently acceptable and during the Boykin procedure, the acknowledgment of the four year term was *83 made a part of the plea of guilty. The defendant was fully aware of the sentence to be imposed as a part of the plea bargain and he acceded to it when he entered his plea of guilty. As the trial judge stated, the four year concurrent sentences were imposed, “In accordance with the agreement. ..
Under all these circumstances, defendant should not be allowed to complain that the sentence imposed pursuant to his agreement is excessive, or that the court erred in not placing of record his consideration of the aggravating and mitigating factors set forth in LSA-C.Cr.P. Art. 894.1. I suggest that the majority opinion is inconsistent with this court’s previous opinions in State v. Owens, 426 So.2d 367 (La.App. 2d Cir. 1983), State v. Green, 480 So.2d 883 (La. App. 2d Cir.1985) and other cases cited in those opinions.
I respectfully dissent.