540 So.2d 1059 (1989)
STATE of Louisiana, Appellee,
v.
Calvin WALKER, Appellant.
No. 20221-KA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
*1060 Indigent Defender Bd. by Charles A. Smith, Minden, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., Benton, Charles E. McConnell, James M. Bullers, Asst. Dist. Attys., Minden, for appellee.
Before HALL, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
The defendant was convicted of aggravated rape after trial by jury. He now appeals his conviction and sentence, setting forth three assignments of error. We affirm the conviction and sentence.

FACTS
On October 4, 1987, the Clown Ice Cream Shop located in the Park City Shopping Center in Minden, Louisiana was robbed and the sole employee on the premises at the time was raped by the robber.
After the crimes were completed and the perpetrator had left the scene, the victim locked the door to the business and called her husband for assistance. Her husband arrived shortly thereafter and law enforcement authorities were summoned to the scene.
An investigation was made of the scene of the crime and a description of a suspect was provided by the victim. The next day, the defendant was arrested and placed in a line-up. Without any hesitation, the victim identified the defendant from a line-up as the perpetrator of the two crimes.
The defendant was convicted of aggravated rape following a jury trial. The charge of armed robbery was not before the court.

PHOTOGRAPH OF CASH REGISTER
Defendant's first assignment of error contends that a photograph of the open cash register at the ice cream shop should not have been admitted into evidence. He argues that the picture of the cash register was relevant to the charge of armed robbery and not to the charge of aggravated rape, that it would serve only to prejudice the jury against the defendant, and that it should have been excluded. The district attorney argued that the cash register was part of the scene of the crime and was admissible under the principle of res gestae.
While the rule is that evidence of other criminal acts is inadmissible to show that the defendant is a bad person and thus more likely to have committed the instant offense, the general prohibition does not bar admission of criminal acts which are an inseparable part of the whole deed, that is, acts which form part of the res gestae. State v. Belgard, 410 So.2d 720 (La.1982); State v. Haarala, 398 So.2d 1093 (La.1981). The purpose of such evidence is to complete the story of the crime on trial by showing its immediate context of happenings near in time and place. State v. Haarala, supra.
Photographs are admissible when they are shown to be accurate representations of the subject in question and shed light on the matter before the court. State v. Miles, 402 So.2d 644 (La.1981). The photograph in question is an accurate representation of part of the scene of the rape. Although more closely related to the charge of armed robbery, for which the defendant was not on trial, it corroborated the victim's testimony to the extent that she testified that the defendant robbed the store just prior to raping her. An accurate and understandable presentation of the evidence necessitated the entire scenario be presented to the jury. It would have been impossible for the victim to relate the event, from the initiation of defendant's *1061 contact with her through the defendant's exit, without some reference to what occurred somewhere in the middle, i.e., defendant's demand for the money from the cash register.
This assignment of error is without merit.

PRE-SENTENCE INVESTIGATION REPORT
Defendant's second assignment of error addresses the district court judge's failure or refusal to order a pre-sentence investigation report prior to the sentencing of the defendant.
In the instant case, defense counsel asked the judge whether he would order a pre-sentence investigation, to which the judge responded in the negative. Defense counsel neither objected to the judge's response nor did he make a request on the record that the judge order one. Where the defendant does not request a pre-sentence investigation, it is not error for the trial court to fail to order one. State v. Rice, 471 So.2d 837 (La.App.2d Cir.1985), writ denied, 475 So.2d 1104 (La.1985).
The purpose behind a pre-sentence investigation report is to assist the sentencing judge in making a proper articulation in accordance with LSA-C.Cr.P. Art. 894.1. However, a district court is not required to comply with those sentencing guidelines where the sentence imposed upon the defendant is a mandatory one set by statute. State v. Rice, supra.
Not only was it within the discretion of the district court not to order a pre-sentence investigation, it would have accomplished nothing in this case to do so. The sentence imposed upon the defendant, life in prison without benefit of parole, probation or suspension of sentence, was mandatory. Regardless of aggravating or mitigating factors, the same sentence would have been imposed upon the defendant.
There is no merit to this assignment of error.

EXCESSIVE SENTENCE
Defendant's final assignment of error is that the sentence imposed upon him was excessive. He further notes that even a sentence which is within the statutory parameter may nonetheless be excessive.
While defendant does not attack the constitutionality of the sentence provided for in the statute itself but rests his complaint upon the sentence imposed upon him, it should be noted that a mandatory life sentence for the offense of aggravated rape has passed constitutional muster. State v. Foley, 456 So.2d 979 (La.1984); cf. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).
In Coker v. Georgia, supra, the U.S. Supreme Court struck down the death penalty in an aggravated rape conviction noting that the punishment did not match the crime. The court there, however, considered the seriousness of the crime of rape.
It is highly reprehensible, both in a moral sense and in its almost total contempt for the personal integrity and autonomy of the female victim and for the latter's privilege of choosing those with whom intimate relationships are to be established. Short of homicide, it is the "ultimate violation of self."
Coker v. Georgia, supra, at 597, 97 S.Ct. at 2869.
The record in the instant case shows that the defendant held a gun to the victim's head while raping her. Not only did he violate her person and her dignity, but he held the threat of death over her the entire time. Under the circumstances, the judge had no sentencing discretion and the sentence selected by the legislature is logically related to the severity of the offense. Accordingly, this assignment of error is without merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.